IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCINE ROBINSON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-350 |
| | : | |
| v. | : | |
| | : | |
| ANDREW M. SAUL, Commissioner of | : | |
| Social Security Administration,[1] | : | |
| | : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this 23rd day of December, 2019, after considering the complaint (Doc. No. 3), the administrative record (Doc. No. 7), the answer (Doc. No. 8), the plaintiff's brief and statement of issues in support of her request for review (Doc. No. 9), the defendant's response to the plaintiff's request for review (Doc. No. 12), the plaintiff's reply to the defendant's response to the request for review (Doc. No. 14), the report and recommendation filed by the Honorable Linda K. Caracappa (Doc. No. 15), the defendant's objections to the report and recommendation (Doc. No. 16), and the plaintiff's response to the objections (Doc. No. 18), it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to **REMOVE** this matter from civil suspense and **RETURN** it to the court's active docket;

2. The defendant's objections to the report and recommendation (Doc. No. 16) are **OVERRULED**;[2]

3. The report and recommendation (Doc. No. 15) is **APPROVED** and **ADOPTED**;

4. The plaintiff's request for review is **GRANTED IN PART**;[3]

5. The decision of the Commissioner of Social Security Administration is **REVERSED** to the extent the matter is **REMANDED** to the Commissioner pursuant to 42

U.S.C. § 405(g) for further proceedings consistent with the report and recommendation (Doc. No. 15); and

      6.      The clerk of court shall **CLOSE** this case.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] Andrew M. Saul was sworn in as the Commissioner of the Social Security Administration on June 17, 2019, for a six-year term that expires on January 19, 2025. *See* https://www.ssa.gov/agency/commissioner.html (last visited August 12, 2019). Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Commissioner Saul as the defendant in this action.

[2] This court's review of the contested portion of the report and recommendation is plenary. The court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (emphasis added). "Review of a final decision of the Commissioner of Social Security, however, is limited to determining whether the decision is supported by substantial evidence." *Abney v. Colvin*, Civ. A. No. 13-6818, 2015 WL 5113315, at *3 (E.D. Pa. Aug. 31, 2015) (citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (internal quotation marks and citation omitted).

      In the objections, the defendant generally argues that the plaintiff failed to (1) allege any mental health impairment in her claims or (2) submit any "opinion from an acceptable medical source who concluded that she had severe medically determinable mental impairments that resulted in functional limitations[]" into the record. Def.'s Obj. to the Magistrate Judge's R&R ("Def.'s Objs.") at 1, Doc. No. 16. The defendant raises three specific objections to the R&R relating to the general objections. First, the defendant maintains that Judge Caracappa improperly held that the governing legal standards require an ALJ to "cite to" certain "specific notations" in particular documents to demonstrate that she appropriately considered that evidence. Def.'s Objs. at 2. Second, the defendant objects to Judge Caracappa's findings pertaining to the ALJ's step two analysis. Defendant disagrees that (1) the court is unable to meaningfully review the ALJ's treatment of the plaintiff's mental health records because the ALJ failed to adequately discuss her consideration of them and (2) the ALJ's step two non-severity finding is not supported by substantial evidence. *Id.* at 5. Third, the defendant objects to Judge Caracappa's findings that (1) the ALJ erred by failing to mention the plaintiff's non-severe mental impairments in making the residual functional capacity ("RFC") determination and (2) the RFC assessment is not supported by substantial evidence. *Id.* at 10. The court will address each of these specific objections in turn, but first the court will address the defendant's general objections.

      First, when it comes to the defendant's general argument that the plaintiff failed to allege any mental health impairment in her claims, the court finds that plaintiff did not need to do so initially for these impairments to be considered. As the plaintiff correctly points out, "what Defendant neglects to mention is that it is absolutely the obligation of the ALJ to adjudicate each claim through the date of the decision, and this adjudication includes those impairments which are diagnosed or raised after the application was filed." Pl.'s Resp. to Def,'s Obj. to the Magistrate Judge's R&R ("Pl.'s Resp. to Def.'s Objs.") at 2, Doc. No. 18 (citing SSR 85-28, 1985 WL 56856 (Jan. 1, 1985); SSR 96-8p, 1996 WL 374184 (July 2, 1996)). Second, the defendant contends that the plaintiff failed to submit any opinion from an acceptable medical source who concluded that she had severe medically determinable mental impairments that resulted in functional limitation. The court also finds that that this general objection is meritless as the plaintiff cited to mental status examination findings by treating therapist, George Gazella. *See* Admin. R. at 627, 708. Therefore, the court overrules these general objections, and the court turns towards the defendant's specific objections.

The defendant's first specific objection is that Judge Caracappa improperly held that the governing legal standards require an ALJ to "cite to" certain "specific notations" in particular documents to demonstrate a consideration of all the evidence. Def.'s Objs. at 2. The defendant maintains that it "is also well settled that, in her decision, an ALJ is not required to discuss every piece of record evidence." *Id.* (emphasis omitted) (citations omitted). While the defendant is correct that the ALJ does not need to cite to every piece of record evidence, and that instead all that is needed is for an "ALJ [to] articulate[] at some minimum level her analysis of a particular line of evidence," Judge Caracappa's opinion does not require specific citations to record evidence above this standard. *Phillips v. Barnhart*, 91 F. App'x 775, 780 n.7 (3d Cir. 2004). While the defendant maintains that Judge Caracappa's assertion that the ALJ failed in her obligations by virtue of the "general way" in which she "cited to the exhibits containing [P]laintiff's mental health records" in her decision, this objection is overruled as the court finds that Judge Caracappa's findings rest on the proper governing standards. As the plaintiff points out, "this interpretation plainly ignores the ALJ's obligation to weigh all of the evidence in the record." Pl.'s Resp. to Def.'s Objs. at 2. The R&R notes that while an ALJ must analyze all relevant evidence "this requirement does not mandate that the ALJ 'use particular language or adhere to a particular format in conducting his analysis.'" R. & R. at 15 (citing *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004)). Although the R&R does not require specific language or citations, it requires that the ALJ provide explanations when it comes to why she disregards certain pieces of evidence in the record. This is the correct legal standard. *See Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981) (holding that where ALJ failed to explain implicit rejection of evidence or acknowledge presence of evidence, this was error warranting remand). Therefore, the court overrules the defendant's first specific objection.

The defendant's second objection concerns whether substantial evidence supports the ALJ's decision finding that the plaintiff's mental impairments are non-severe. Def.'s Objs. at 5. The defendant maintains that the decision was supported by substantial evidence because the plaintiff failed to meet her burden of proof concerning her medical conditions and any resultant functional limitations per 42 U.S.C. § 423(d)(5)(A) and 20 C.F.R. §§ 404.1512(a), 416.912(a). *Id.* at 5–6. Specifically, the defendant argues that the plaintiff failed to show that her medically determinable mental impairments caused "more than minimal limitation in her ability to perform basic mental work activities, such as understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting." *Id.* at 7. The defendant also notes that the ALJ reached this decision by considering "the objective evidence of record" and by considering the plaintiff's limitations in the first three functional areas of the Paragraph B criteria as supported by testimony. *Id.* at 7–10.

While the defendant is correct that in reaching this determination the ALJ reviewed and considered relevant treatment notes from Elwyn Behavioral Health ("Elwyn") and from Dr. Le Blanc, Dr. Le Blanc is a non-mental health treating source who specializes in rehabilitation medicine, not psychiatry. R. & R. at 14. The ALJ's opinion makes no mention of the mental status examination findings by treating therapist, George Gazella, whose records indicate that the plaintiff had paranoid ideation, and a host of other issues such as hallucinations, impaired concentration, possible delusions, and other problems. *Id.* at 15. The ALJ's failure to reference this evidence was improper and warrants reconsideration as an ALJ must analyze all relevant evidence in the record and provide an explanation for disregarding evidence. *See Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001) ("We are handicapped by the fact that the ALJ has (1) failed to evaluate adequately all relevant evidence and to explain the basis of his conclusions and (2) failed to explain his assessment of the credibility of, and weight given to, the medical evidence and opinions from Fargnoli's treating physicians that contradict the ALJ's finding that Fargnoli can perform light work."); *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (explaining that ALJ must provide some explanation for rejection of probative evidence suggesting contrary disposition).

"In the absence of . . . an indication [of the reasons for discounting evidence], the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121–22 (3d Cir. 2000) (quoting *Cotter*, 642 F.2d at 705). Therefore, this court agrees with Judge Caracappa's reasoned analysis finding that the court is unable to meaningfully review the ALJ's treatment of the plaintiff's mental health records, because the ALJ failed to adequately discuss her consideration of them. R. & R. at 16. This court thus overrules the defendant's second objection.

The defendant's final specific objection alleges that the ALJ's RFC assessment is supported by substantial evidence that takes the plaintiff's alleged mental impairments into account. Def.'s Objs. at 10. The R&R notes that "[a]lthough the ALJ found mild limitations in social functioning and concentration, persistence, or pace at step two, the ALJ failed to discuss plaintiff's mental limitations during the step four discussion of plaintiff's residual functional capacity." R. & R. at 14. The R&R claims that "[t]he ALJ's residual functional capacity analysis fails to make any mention of plaintiff's mental limitations or plaintiff's mental health records." *Id.* at 14–15. However, as the ALJ's opinion states "the following residual functional capacity assessment reflects the degree of limitation that the undersigned has found in the 'paragraph B' mental function analysis." Admin. R. at 55. Therefore, this court

finds that the R&R's contention that the ALJ erred by failing to consider any mental limitations when assessing the plaintiff's RFC is incorrect, although the court acknowledges that the plaintiff's mental health records are not discussed at this stage.

      The court also finds that the defendant is correct that an RFC does not necessarily need to contain in-depth analysis on mental impairments when the ALJ earlier in the opinion finds that a claimant's mental impairments are no greater than mild and there are no decompensation episodes. *See, e.g.*, *Holley v. Comm'r Soc. Sec.*, 590 F. App'x 167, 169 (3d Cir. 2014) (holding that when ALJ found that claimant "had—at most—minor mental impairments," ALJ did not err when RFC included no mental limitations); *see also Chandler v. Berryhill*, Civ. A. No. 16-4516, 2018 WL 3575258, at *3, 6 (E.D. Pa. July 24, 2018) (holding that when plaintiff's mental impairments caused no more than mild limitation in first three functional areas of Paragraph B criteria, ALJ did not err by failing to include plaintiff's mild limitations in social functioning in RFC); *Mari v. Berryhill*, Civ. No. 15-5093, 2017 WL 6209233, at *2–3 (E.D. Pa. Dec. 8, 2017) (holding that ALJ did not err by failing to include plaintiff's mild limitations in social functioning in RFC after finding plaintiff's social impairment was mild). Nonetheless, since this court has already found that the court is unable to meaningfully review the ALJ's treatment of plaintiff's mental health records at step two of the analysis, which step four depends on, the court must still remand this matter to the ALJ to further explain her consideration of the plaintiff's mental health records at both of these steps.

[3] The plaintiff's remaining claims for remand do not need to be discussed at this time, since the court is recommending that the case be remanded for the ALJ to properly assess the plaintiff's mental health records. *See Steinberger v. Barnhart*, No. Civ. A. 04-5383, 2005 WL 2077375, at *4 (E.D. Pa. Aug. 24, 2005) ("Having concluded . . . that remand to the ALJ for a new evidentiary hearing is appropriate, the Court will not address [the] other arguments for remand, as the ALJ's findings may be revised in any decision issued following the new hearing.")